UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHARON DAMIS and NANCY BURKHART,

    Plaintiffs,

v.                                       Case No.:   2:23-cv-772-SPC-NPM

ALLSTATE INSURANCE COMPANY,

    Defendant.

_____/

**ORDER**

    This case has been referred for a settlement conference. All parties and their lead counsel are hereby **ORDERED** to appear in person on **February 26, 2025, at 9:00 a.m.**, at the United States Courthouse and Federal Building, 2110 First Street, Fourth Floor, Courtroom 4-E, Fort Myers, Florida 33901.

    The parties and their counsel will comply with the following requirements:

    1.    **Time Commitment:** The Court has reserved the entire day for the settlement conference. The parties and their counsel shall be available for the entire day.

    2.    **Settlement Authority:** All parties will appear for the settlement conference with full and complete settlement authority. Any uninsured entity

will appear by a designated representative with full and complete settlement authority. Any insured party will appear along with a representative of the insurer with full and complete settlement authority.

3. **Telephonic Appearance:** Telephonic appearance at the settlement conference is not permitted without leave of court, is disfavored if opposed by any party, and granted only in exceptional circumstances upon a showing of good cause.

4. **Written Submissions:** Each party will provide the undersigned with a confidential settlement statement **no later than seven (7) days before the conference**. The statement will not be filed with the Clerk of Court, but will instead be (1) emailed (in .pdf file format) to the chambers email account: chambers_flmd_dudek@flmd.uscourts.gov or (2) mailed to Judge Kyle Dudek's Chambers at 2110 First St., Fort Myers, Florida 33901.

>The confidential settlement statement will:
>
>a. identify all persons, including counsel, who will attend the settlement conference with or on behalf of the party and specify which individual(s) hold final settlement authority;
>
>b. describe the remaining claims and defenses in the case and candidly assess their relative strengths and weaknesses both legally and factually;

    c. provide a reasonably detailed explanation of the submitting party's present position on remedies sought or resisted by the party (including damages, attorney's fees, costs and pre-judgment interest if recoverable);

    d. outline the settlement negotiations to date, including any offers and counteroffers made as to both monetary and non-monetary terms; and

    e. explain the party's settlement valuation, accounting for the reasonable probabilities for success at trial, the collectability of any awards, and the litigation expenses that may be avoided.

5. **Opening Presentations:** At the outset of the settlement conference, the Court may call upon the parties or counsel to give a brief opening presentation outlining the factual and legal highlights of their respective cases before the parties separate into private caucuses.

6. **Confidentiality:** Notwithstanding Rule 408(b) of the Federal Rules of Evidence, all statements during the settlement conference, written or oral, are confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle.

7. **Electronic Devices:** The attorneys and other individuals participating in the settlement conference may bring telephones, laptops, or tablets into the courthouse for use during the settlement conference, subject to

screening by the United States Marshals Service or its Court Security Officers. The parties are directed to present a copy of this Order when proceeding through the security checkpoint in the courthouse lobby.

**Sanctions:** Failure to comply with any requirements in this Order may result in the imposition of sanctions against the offending party(ies) and/or counsel.

**ORDERED** in Fort Myers, Florida on December 18, 2024.

_____
Kyle C. Dudek
United States Magistrate Judge